PROB 12B
(7/93)

Report Date: January 11, 2008

## United States District Court

for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JAN 1 4 2008

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

**Request for Modifying the Conditions or Term of Supervision
with Consent of the Offender**
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: Christopher Edward Urbanski   Case Number: 2:03CR00105-001

Name of Sentencing Judicial Officer: The Honorable Justin L. Quackenbush, Senior U.S. District Judge

Date of Original Sentence: 10/3/2003   Type of Supervision: Supervised Release

Original Offense: Conspiracy to Manufacture Counterfeit Currency, 18 U.S.C. §§ 371 and 471   Date Supervision Commenced: 6/24/2005

Original Sentence: Prison - 30 Months; TSR - 36 Months   Date Supervision Expires: 6/23/2008

### PETITIONING THE COURT

To modify the conditions of supervision as follows:

> You shall reside in a residential reentry center (RRC) until June 23, 2008. This placement may include a pre-release component, day reporting and home confinement (with or without electronic monitoring but not to include GPS) at the direction of the CCM and USPO. You shall abide by the rules and requirements of the facility. You shall remain at the facility until discharged by the Court.

### CAUSE

Mr. Urbanski violated conditions of supervised release by striking a vehicle and leaving the area without notifying law enforcement (hit and run). The offender also operated the vehicle without valid proof of insurance. The reported noncompliance is contrary to mandatory condition 1.

On December 31, 2007, U.S. Probation was notified by staff at Bannum Place of Spokane that Spokane police officers attempted to locate the offender at Bannum on December 28, 2007, however, did not state the reason behind their inquiry. On January 3, 2008, the offender was directed to report to the U.S. Probation Office for questioning. The undersigned interviewed the offender relative to his involvement in any type of new law violation. Mr. Urbanski vehemently denied any knowledge whatsoever, as to why law enforcement needed to speak with him. In fact, the offender stated that his daughter probably became involved in some type of illicit activity.

On January 5, 2008, the offender telephoned the undersigned and admitted his involvement in a possible crime as outlined above. The undersigned directed the offender to report to the U.S. Probation Office on Monday, January 7, 2008, for further questioning. On January 7, 2008, the offender admitted he operated a vehicle without valid insurance and struck a parked vehicle on or about December 28, 2007. Mr. Urbanski advised that he panicked and fled the scene. After discussing the matter with friends and family members, he decided to report the alleged violation to the undersigned.

Prob 12B
Re: Urbanski, Christopher Edward
January 11, 2008
Page 2

In response to the reported transgression, the undersigned contacted a Spokane Police Department detective and provided all relevant information. Mr. Urbanski was present during this contact. Unfortunately, law enforcement had not been made aware of the above referenced incident. At that time, Mr. Urbanski agreed to copy the license plate number of the vehicle he struck and provide it to law enforcement. It is his intention to make restitution to the victim, if possible. He was also directed to cease operating motor vehicles without valid insurance. The offender does possess a valid driver's license.

It is obvious the offender continues to struggle to adjust while in the community. The Court may recall that the offender recently completed a period at Bannum Place of Spokane following alcohol use in February 2007. It is the undersigned's opinion the offender was probably under the influence of alcohol and/or drugs at the time of the accident. However, the undersigned does not have any objective evidence to support that claim.

Mr. Urbanski has agreed to sign a waiver of hearing to reside at a residential reentry center for the remainder of his supervision. It appears he is in need of a more structured environment which is conducive to his overall adjustment. Mr. Urbanski's term of supervision is expected to expire June 23, 2008. It is respectfully recommended that the Court adopt the waiver of hearing to modify conditions as outlined above.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: *Tommy Rosser* 1-11-08

Tommy Rosser
U.S. Probation Officer

THE COURT ORDERS

[ ] No Action
[ ] The Extension of Supervision as Noted Above
[X] The Modification of Conditions as Noted Above
[ ] Other

Signature of Judicial Officer

January 13, 2008
Date

PROB 49
(3/89)

# United States District Court

_____Eastern_____ District _____of Washington_____

## Waiver of Hearing to Modify Conditions
## of Probation/Supervised Release or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

You shall reside in a residential reentry center (RRC) until June 23, 2008. This placement may include a pre-release component, day reporting and home confinement (with or without electronic monitoring but not to include GPS) at the direction of the CCM and USPO. You shall abide by the rules and requirements of the facility. You shall remain at the facility until discharged by the Court.

Witness _____     Signed _____
          U.S. Probation Officer                    Probationer or Supervised Releasee

                         1-7-08
                   _____
                          Date